AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

District **Of MASSACHUSETTS**

| Name RODRICK GILMORE PRO SE | Prisoner No. W-58213 | Case No. |

Place of Confinement: MCI NORFOLK
P.O. Box 43, 2 Clark Street, Norfolk, Massachusetts 02056

Name of Petitioner (include name under which convicted): Roderick Gilmore

V.

Name of Respondent (authorized person having custody of petitioner): Luis Spencer

The Attorney General of the State of: Thomas Rielly A.G. Commonwealth of Massachusetts

## PETITION

Name and location of court which entered the judgment of conviction under attack: **Plymouth County Superior Court, Brockton Division, 72 Belmont Street, Brockton, Mass. 02403**

Date of judgment of conviction: March 9th, 1995

Length of sentence: Life

Nature of offense involved (all counts): Second Degree Murder

What was your plea? (Check one)
(a) Not guilty ☒
(b) Guilty ☐
(c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury ☒
(b) Judge only ☐

Did you testify at the trial?
Yes ☒  No ☐

Did you appeal from the judgment of conviction?
Yes ☒  No ☐

(2)

241 (Rev. 5/85)

If you did appeal, answer the following:

(a) Name of court __Massachusetts Appeals Court__

(b) Result __Judgment Affirmed__

(c) Date of result and citation, if known __September 9th, 2003__

(d) Grounds raised __Judges Mischaracterization of the Commonwealth's burden of proof regarding provocation deprived the defendant of a fair trial; Ineffective Assistance of prior defense counsel exempts defendant's current objections from the waiver rule; and In the alternative, the__

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

  (1) Name of court __Supreme Judicial Court__

  (2) Result __Judgment affirmed__

  (3) Date of result and citation, if known __March 31st, 2004  Commonwealth v. Gilmore FAR-13911__

  (4) Grounds raised __Why Further Appellate Review is Appropriate: Clairvoyance; Application of substantial risk standard; and ineffective assistance of counsel.__

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

  (1) Name of court __N/A__

  (2) Result __N/A__

  __N/A__

  (3) Date of result and citation, if known __N/A__

  (4) Grounds raised __N/A__

  __N/A__

). Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒   No ☐

. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __Plymouth Superior Court__

  (2) Nature of proceeding __Motion For New Trial__

  (3) Grounds raised __Whether the defendant, Roderick Gilmore, is entitled to a new trial, under MASS.R.CRIM.P.RULE 30(b), because there is a__

PAGE THREE CONTINUED

If you did Appeal Anser the Following:
(d) cont:

failure to object is excused because counsel need not be clairvoyant.

Note; an additional appeal was taken in the Appeals Court however the appeal was dismissed under standing order 17A for a motion for a new trial. March 21st, 1995 Commonwealth v. Gilmore,

If you sought review of the decision on appeal by a higher state Court:

(e)(1): Supreme Judicial Court   SJC-07493

   (2) Judgment affirmed

   (3) March 1998   Commonwealth v. Gilmore
      Appeal from order of single justice

   (4) Should the court vacate the order of impoundment of all documents relating to a grant of immunity, where the impoundment documents constitute witnesses statements; bear on the bias, prejudice or motive of the witness; exculpate the defendant; and should have been provided to the Grand Jury by statute; the relevant statute clearly provides that the defendant should have access to the transcripts of the immunity hearing; defendant should have access to immunized witness statements as potentially exculpatory information; and impounding the transcripts of the immunity hearing does not serve public policy.

241 (Rev. 5/85)

substantial risk of miscarriage of justice in the trial courts failure to properly charge the jury on "excessive use of force in self defense."; Whether the defendant, is entitled to a new trial because he was denied his right to effective assistance of counsel

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result __Motion denied   March 2nd, 1998__

(6) Date of result __March 2nd, 1998__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __Plymouth Superior Court__

(2) Nature of proceeding __Motion for New Trial  #95245__

(3) Grounds raised __Defendant states that his right to due process of law,__ guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article Twelve of the Massachusetts Declaration of rights, was violated because the trial court improperly mischaracterized the Commonwealth's burden of proof on the issue of reasonable provocation; the failure of trial counsel's and counsel's handling the direct appeal to properly raise the issue constitutes ineffective assistance of counsel within the meaning of the Sixth and Fourteenth amendments to the United States Constitution and Article Twelve of

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result __Motion Denied__

(6) Date of result __October 1st, 2001__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.         Yes ☒    No ☐
(2) Second petition, etc.        Yes ☒    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

⁖. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

PAGE FOUR CONTINUED

(3) as guaranteed by the Sixth Amendment of the United States Constitution and Article Twelve of the Massachusetts Declaration of Rights, and whether the defendant is entitled to a new trial, because the prosecutions evocation of sympathy for the deceased was highly improper.

(b)(3) Cont: the Massachusetts Declaration of Rights.

241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: The Commonwealth had failed to prove excessive use of force in self-defense to reduce the verdict to manslaughter.

Supporting FACTS (state *briefly* without citing cases or law) The defendant was entitled to a self defense instruction. The jury could clearly have found that Gilmore reasonably believed, that Torres was armed with a screwdriver during an argument, as well as in shock of being punched so hard as he turned around that a witness across the street said he "felt it" himself, that he was in imminent danger of death or serious bodily harm. Additionally, he was in the process of

B. Ground two: Defendant was denied of effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution, by his counsel's failure to object to erroneous instructions; failure

Supporting FACTS (state *briefly* without citing cases or law) Defense counsel's failure to object to the courts two incorrect instructions regarding "excessive use of force in self-defense," constituted conduct that was measurably below that which might be expected from an ordinarily fallible lawyer. The courts instructions were clear error, because they require the mitigating circumstance of excessive self-defense to be affirmatively proven beyond a reasonable doubt as the prerequisite for manslaughter. The death in this case presents a homicide that is at most manslaughter rather than murder, because it is committed in hot blood on reasonable provocation, and therefore without malice which is the necessary element of murder. Under the circumstances in this case, the strategy of only presenting a vague self-defense theory was manifestly unreasonable. Nowhere in his

(5)

Page Five  Continued

A. Cont. of avoiding combat when he was pursued and attacked.

B. Cont.
Ground TWO to articulate one defense and failure to use another allied and avaliable defense; failure to impeach a curcial witness; failure to object to improper "Sympathy" evidence; and by counsels calling a witness either without knowing what her testimony would be or for manisfesting unreasonable purpose.

Supporting Facts Cont: argument did defense counsel employ the term self-defense nor did he articulate any facts that conformed to a self-defense theory nor to a theory that Gilmore used excessive force in self-defense. It was manslaughter, not murder. Therefore, since no "provocation" theory was put by the defense to the jury, the defendant was deprived of effective assistance of counsel.

Defense counsel failed to crossexamine Michael Grinnell concerning his immunity and need to please the prosecution. Grinnell could have been prosecuted under state statute M.G.L.c. 274 §4 as an accessory after the fact of murder and received a seven year sentence. However Grinnell was given immunity and then testified against the petitioner. Grinnell testimony was curcial in the pro secutors case, by Grinnells statement that he heard Gilmore say I "Had to hurt him" for punching me in the face. Defense counsel never attempted to impeach Grinnells testimony or by either prior inconsistent statements or exploring whether the grant of immunity resulted from negotiations with the Commonwealth in which Grinnell agreed to testify in return for not being prosecuted. This deprived Gilmore of an adequate defense, causing ineffective assistance of counsel.

There was ineffective assistance of counsel in failing to object to the testimony of the deceased brother in its entirety, in failing to object to the prosecutors repeated characterization of the deceased as a "kid", when the deceased was in fact a full grown adult male over 28 years of age, and in conceding the deceased probable goodness in final argument to the jury. Defense counsel failed to object to the improper testimony evoking sympathy for the deceased.

Page Five Continued

B Supporting Facts:

    In this case, defense counsel's theory of fdefense was astoundingly vague. Although the motion judge states that trial counsel's strategy...focused on self-defense, evidence of it is slim. Defense counsel never articulated it in any factual context.

C.  Ground three: The prosecution statements of sympathy for the victim was highly improper.

Supporting FACTS (state *briefly* without citing cases or law) The prosecutor in this case turned a thief and bully into an innocent victim deserving of the jury's sympathy and pity, which resulted in the jury to loathe the defendant. His brother Publo, testified that the victim suffered from epileptic seizures and was "a nice person, quiet, a quiet person who stay[ed]...out of trouble." The brother testified to the pitiful and distorted appearance of the victim in the

D.  Ground four: Conviction was obtained by the unconstitutional failure to the prosecution to disclose to the defendant evidence favorable to the defendant.

Supporting FACTS (state *briefly* without citing cases or law) The defendant was denied access to the transcripts of the immunity hearing. Statutory construction requires examining the language of the statute as a whole, not taking separate sections out of context: "[A] statute should be read as a whole to produce an internal consistency. The statute provides that the Massachusetts Supreme Judicial Court must keep copies of all testimony and documents provided by the immunized

If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐      No ☑

Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)  At preliminary hearing   Ernest Vesperi   71 Legion Parkway, Brockton, Massachusetts 02301

(b)  At arraignment and plea   Ernest Vesperi 71 Legion Parkway, Brockton, ,Massachusetts 02301

(6)

Page Six Continued

C. Supporting Facts: hospital after the stabbing, shorty before he died. This testimony was highly improper as a transparent device to evoke sympathy for the victim. It was so effective for that improper purpose, that defense counsel in his final argument to the jury was moved to concede that the victim may have been a nice guy, and that his death was a tragedy, and to call on God to bless the victim. The prosecutor amplified the effect of sympathy-inducing testimony of the victims brother by referring, in his cross examination of the defendant without objection by defense counsel. This prejudicial charaterization that the victim was a kid was totally unwarranted by the evidence, because the victim was a 28 year old 5'11" 255lb man and the defendant was 18 years old 5'6" tall and 190lbs .

D Supporting Facts Cont: witness, and that the witness shall have acess to all such documents. M.G.L.c. 233 §20G. The court failed to keep a copy of the testimony. This deprived the petitioner of a fair trial

Massachusetts recognizes that the testimony of an immunized witness is suspect: no defendant in any criminal proceeding shall be convicted solely on the testimony of, or the evidence produced by a person granted immunity under the provisions of M.G.L.c. 233 §20E.

(c) At trial   Ernest Vesperi 71 Legion Parkway, Brockton, Massachusetts 02301

(d) At sentencing   Ernest Vesperi 71 Legion Parkway, Brockton, Massachusetts 02301

(e) On appeal   John H. Cunha Jr. c/o Salsberg, Cunha, & Holcomb 20 Winthrop Square, Boston, Massachusetts 02110 also Charles Rankin c/o Rankin & Sultan 1 Commercial Wharf No Boston, Mass. 02110

(f) In any post-conviction proceeding   Charles Rankin c/o Rankin & Sultan 1 Commercial Wharf North, Boston, Massachusetts 02110

(g) On appeal from any adverse ruling in a post-conviction proceeding   Charles Rankin c/o Rankin & Sultan 1 Commercial Wharf North, Boston, Massachusetts 02110

Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☐   No ☒

Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on MAy   , 2004

_____May_____, 2004
(date)

_____
Signature of Petitioner

(7)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DIVISION

RODERICK GILMORE,
    PETITIONER

V.

LUIS SPENCER,
    RESPONDENT   : NO#

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the petitioner acting pro se in the above entitled matter and hereby moves this Honorable Court for appointment of counsel to represent the petitioner in his Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. In support thereof the petitioner states that he is an incarcerated person, and indigent as demonstrated in his affidavit of indigency and application to proceed without prepayment of fees.

WHEREFORE, the petitioner Roderick Gilmore respectfully requests that this motion be allowed for basic fairness and justice.

Respectfully Submitted
By The Petitioner

*/s/ Roderick Gilmore*
Roderick Gilmore pro se
MCI Norfolk
P.O. Box 43
Norfolk, Mass. 02056

Date: May    , 2004