```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

RODERICK GILMORE,              )
                               )
         Petitioner,           )
                               )    C.A. No. 05-10127-PBS
         v.                    )
                               )
LUIS SPENCER,                  )
                               )
         Respondent.           )
```

MEMORANDUM AND ORDER

SARIS, D.J.

For the reasons stated below, petitioner Gilmore shall either pay the $5.00 filing fee within forty-two (42) days of this Memorandum and Order, or he shall submit a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account balance, so this Court may assess whether Gilmore qualifies for *in forma pauperis* status.  Notwithstanding the unresolved filing fee issue, the respondent shall be directed, by separate Order, to file a response to the habeas petition.

FACTS

On January 10, 2005, Petitioner Roderick Gilmore, currently a prisoner at MCI Norfolk in Norfolk, MA, submitted his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his 1995 state conviction for second degree murder, alleging, *inter alia*, ineffective assistance of counsel, denial of exculpatory evidence, prosecutorial misconduct at trial, and

erroneous jury instructions.  Gilmore indicates that he has exhausted his state remedies; the Supreme Judicial Court affirmed the conviction on March 31, 2004. Accordingly, the petition appears to be timely filed, pursuant to 28 U.S.C. §2244(d)(1).

Along with his habeas petition, Gilmore submitted an Application to Proceed Without Prepayment of Fees, but failed to submit his prison account statement balance.  Although the petition was received January 10, 2005 in this Court, the Application is dated <u>May, 2004.</u>  Petitioner's correspondence to the Clerk's Office, dated January 3, 2005, states: "The Department of Correction has determined that the petition and the enclosed check was lost and therefore have submitted a new check for the filing."  Also attached is a cover letter dated May, 2004 to the Clerk, referencing the habeas petition and a $5.00 check.  Apparently, this Court never received the habeas petition in May 2004.  To date, this Court has no record of any payment of the $5.00 filing fee by Gilmore.

## ANALYSIS

I. <u>Gilmore must pay the filing fee or seek a waiver of it.</u>

A state prisoner filing a §2254 habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without

prepayment of fees. See 28 U.S.C. §1914(a)(filing fees); §1915(proceedings *in forma pauperis*). An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by §1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. §1915(a)(2). Here, Gilmore has submitted an Application to Proceed Without Prepayment of Fees, (dated May 2004) indicating that he earns $1.00 per day through his employment at the institution, and has no other assets or income, however, he has failed to provide the necessary prison account information for this Court to make a final determination on Gilmore's indigency status. Moreover, his cover letters indicate that Gilmore intended to pay the $5.00 filing fee, although no check has been received.

    Accordingly, within forty-two (42) days of the date of this Memorandum and Order, petitioner Gilmore is directed to either pay the $5.00 filing fee, or submit a certified copy of his prison account statement demonstrating the amount of monies or securities on deposit to his credit in the

institution. Gilmore is advised that failure to comply with this directive may result in dismissal of this action.

   II.  <u>The Habeas Petition shall be served on the Respondent and a response to the petition shall be filed.</u>

Although no final determination has been made with respect to petitioner's Application to Proceed Without Prepayment of Fees, it appears from his financial disclosures, albeit incomplete and outdated, that Gilmore would qualify for a waiver of the $5.00 filing fee.  In any event, Gilmore has previously evidenced an intention to pay the filing fee in order to pursue habeas relief.

Accordingly, in order to facilitate prompt resolution of the matters presented in the petition, I shall direct, by separate Order, that the respondent be served a copy of the petition, and that the respondent shall file a response to the petition, notwithstanding the unresolved filing fee matter.

   III.  <u>The Motion for Appointment of Counsel is Denied</u>

Motions for appointment of counsel for habeas proceedings may be considered under the Criminal Justice Act (CJA) and/or section 1915(e)(1).  18 U.S.C. §3006A(a)(2)(B) and §3006A(g); <u>accord</u> Rule 8(c) of the Rules Governing Section 2254 Habeas Proceedings; 28 U.S.C. §1915(e)(1).  However, Gilmore has not sufficiently demonstrated at this time that the interests of justice require appointment of counsel under §3006A, and the motion is denied without prejudice to renewal after the respondent has filed a response to the

petition, and Gilmore shall demonstrate why counsel should be appointed in the interests of justice.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED:

1. Within forty-two (42) days of the date of this Memorandum and Order, petitioner Gilmore is directed to either pay the $5.00 filing fee, or submit a certified copy of his prison account statement demonstrating the amount of monies or securities on deposit to his credit in the institution.

2. The petition shall be served on the respondent, and a separate Order shall issue requiring the respondent to file a response to the petition.

3. The petitioner's motion for appointment of counsel is denied without prejudice to renewing a motion after the respondent has filed a response to the petition.


/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2005