UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODERICK GILMORE,**<br><br>Petitioner,<br><br>v.<br><br>**LUIS SPENCER,**<br><br>Respondent. | Civil Action No. 05-10127-PBS |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION TO DISMISS

Respondent Luis Spencer, Superintendent of the Massachusetts Correctional Institute at Norfolk (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss (the "Motion").[1] The Habeas Corpus Petition (the "Petition") filed by Petitioner Roderick Gilmore (the "Petitioner") is improper, because it does not comply with the timing requirements applicable to such petitions.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Order of January 25, 2005. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement. In fact, it is the Respondent's position that, even if the Petition were not time-barred, its dismissal would be warranted based on the Petitioner's failure to "fairly and recognizably" present to the state's highest court the "factual underpinnings" and "legal foundation" of each and every federal claim in his Petition. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 518 (1982) (indicating that exhaustion requirement is not satisfied unless all federal claims in petition have been exhausted, and affirming that statutory scheme requires dismissal of petition containing any nonexhausted claims).

[2] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the Massachusetts Correctional Institution at Norfolk. (Petition at 1.) He was indicted on a charge of murder on March 29, 1994, and he pled guilty at his arraignment on May 3 of that year. (Super. Ct. Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit A.) Between March 6 and 9, 1995, he was tried in the Plymouth County, Massachusetts, Superior Court (the "Superior Court") before the Honorable Robert L. Steadman and a jury. (Id.) On March 8, 1995, the Petitioner filed a Motion for a Required Finding of Not Guilty at the Close of the Commonwealth's Case, as well as a Motion for a Required Finding of Not Guilty at the Close of All Evidence. (Id.) Both were denied on the day they were filed. (Id.) On March 9, 1995, he was found guilty of murder in the second degree. (Id.) The Petitioner was sentenced that day to serve a term of life in the Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction"). (Id.) He was also assessed a $50 victim-witness fee and was given credit for 314 days of time served. (Id.)

The Petitioner filed an appeal of his sentence to MCI-Cedar Junction on March 15, 1995, as well as a Notice of Appeal of his conviction on March 21 of that year. (Id.) He also filed a Motion After Discharge of Jury on April 4, 1995, which was denied after a hearing by the Superior Court (Steadman, J.) on May 1, 1995. (Id.) Two days later, the Superior Court (Steadman, J.) issued an order apparently denying a Motion to Reduce Verdict filed by the Petitioner. (Id. (listing "Order on deft's motion to reduce verdict").) See Commonwealth v. Gilmore, 59 Mass. App. Ct. 231, 331, 794 N.E.2d 1284, 1285 (2003) (indicating that Petitioner had been "convicted by a jury of murder in the second degree" and that the conviction had been

previously affirmed by the Appeals Court), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit I.)

The appeal of the Petitioner's conviction was entered on the docket of the Massachusetts Appeals Court (the "Appeals Court") on September 13, 1996. (App. Ct. Docket No. 1996-P-1435, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit B.) Then, on May 28, 1997, the Petitioner filed a Motion for a New Trial in the Superior Court. (Super. Ct. Docket.) The Superior Court (Hely, J.) denied the motion in a Memorandum of Decision and Order dated March 2, 1998. (Id.) The Petitioner filed a Notice of Appeal of that decision three days later (id.), and his appeal was entered on the Appeals Court docket on March 12, 1998 (App. Ct. Docket No. 1998-P-0497, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit C). Accordingly, on March 10, 1998, the Appeals Court consolidated the Petitioner's direct appeal with his appeal of the denial of his Motion for a New Trial. (App. Ct. Docket No. 1996-P-1435; App. Ct. Docket No. 1998-P-0497.) In a February 22, 2000 decision, the Appeals Court affirmed the judgment against the Petitioner and the denial of his Motion for a New Trial. (App. Ct. Docket No. 1996-P-1435.) Commonwealth v. Gilmore, 48 Mass. App. Ct. 1121, 724 N.E.2d 752 (2000) (table decision), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit G.

Upon obtaining leave to file out of time, the Petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC") on March 20, 2000. (SJC Docket No. FAR-11236, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit D; First ALOFAR, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit K.) The ALOFAR was denied by the SJC on June 2, 2000. (Id.; App. Ct. Docket No. 1996-P-1435.) Commonwealth v. Gilmore,

3

432 Mass. 1101, 733 N.E.2d 1065 (2000) (table decision), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit H.

The Petitioner nevertheless filed a second Motion for a New Trial on June 4, 2001. (Super. Ct. Docket.) The motion was denied by the Superior Court (Hely, J.) in a Memorandum of Decision and Order dated October 5, 2001. (Id.) On October 10, 2001, the Petitioner filed a Notice of Appeal of that decision. (Id.) His appeal was entered on the docket of the Appeals Court on October 19, 2001. (App. Ct. Docket No. 2001-P-1489, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit E.) In a September 9, 2003 decision, the Appeals Court affirmed the order denying the Petitioner's Second Motion for a New Trial. (Id.) Gilmore, 59 Mass. App. Ct. 231, 794 N.E.2d 1284.

The Petitioner was again granted leave to apply for further appellate review out of time, and he filed an ALOFAR with the SJC on January 14, 2004. (SJC Docket No. FAR-13911, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit F; Second ALOFAR, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit M.) The SJC denied his ALOFAR on March 31, 2004. (Id.; App. Ct. Docket No. 2001-P-1489.) Commonwealth v. Gilmore, 441 Mass. 1105, 806 N.E.2d 102 (2004) (table decision), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit J.

The Petition at issue was filed in the United States District Court on January 10, 2005.

## ARGUMENT

### The Petition is time-barred.

The Petition must be dismissed because it was not filed within the limitations period applicable to habeas corpus petitions challenging state convictions. Section 2244 of Title 28 of the United States Code provides as follows:

4

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), <u>as amended by</u> the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

The Petitioner here clearly did not satisfy this statutory requirement. The Appeals Court affirmed the Petitioner's conviction and the denial of his first Motion for a New Trial on February 22, 2000. (App. Ct. Docket No. 1996-P-1435.) <u>Gilmore</u>, 48 Mass. App. Ct. 1121, 724 N.E.2d 752. The SJC then denied his ALOFAR on June 2, 2000. (SJC Docket No. FAR-11236; App. Ct. Docket No. 1996-P-1435.) <u>Gilmore</u>, 432 Mass. 1101, 733 N.E.2d 1065. Thus, the one-year period of limitation for the filing of his Petition thus commenced on August 31, 2000, upon the expiration of the ninety days afforded to him for seek certiorari with the United States

Supreme Court. See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) (indicating that, where petitioner's conviction has been affirmed on direct appeal, period of limitation would begin upon expiration of ninety days afforded for seeking certiorari with United States Supreme Court); cf. Clay v. United States, 537 U.S. 522, 527-32 & n.3 (2003) (holding that "[f]or the purposes of starting the clock on [28 U.S.C. § 2255's] one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," and observing that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by [the United States Supreme Court].").

More than nine months of this one-year limitation period were consumed before it was tolled by the Petitioner's seeking of collateral review through the filing of his second Motion for a New Trial on June 4, 2001 (Super. Ct. Docket). 28 U.S.C. § 2244(d)(2). The period of tolling ended on March 31, 2004, when the SJC denied further review of the denial of the second new trial motion (SJC Docket No. FAR-13911). See David, 318 F.3d at 345 (concluding that tolling period for collateral review ends upon state's rejection of such review and does not include period afforded for seeking certiorari with United States Supreme Court). The Petitioner then waited more than nine additional months before filing his Petition. Accordingly, his filing on January 10, 2005 was beyond the time afforded to him under § 2244.

In light of the Petitioner's lack of timeliness, dismissal of the Petition at issue is warranted. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Randall E. Ravitz
Randall E. Ravitz (BBO# 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: March 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on March 15, 2005, by first-class mail, postage prepaid, upon:

Roderick Gilmore
M.C.I. Norfolk
P.O. Box 43
2 Clark Street
Norfolk, MA  02056

pro se

/s/ Randall E. Ravitz
Randall E. Ravitz