UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODERICK GILMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 05cv10127-PBS |
| v. ) | |
| ) | |
| LUIS SPENCER, ) | |
| Superintendent of MCI Norfolk, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS

August 1, 2005

SOROKIN, M.J.

On January 10, 2005, Gilmore petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Before the court is respondents' motion to dismiss the petition. There is no doubt that this petition is untimely, the question is whether Gilmore's petition is saved by his claim that he originally deposited the petition in the prison mailbox on or about May 14, 2004, a date respondent concedes falls within the applicable one year statute of limitations. For the reasons set forth below, I recommend that the court allow respondent's motion to dismiss the petition as untimely.

DISCUSSION

On March 31, 2004 Gilmore's appeal of the denial of his Second Motion for New Trial concluded. In the fall of 2004 Gilmore contacted this court to inquire about the status of his

1

habeas petition. The court's pro se law clerk reported to Gilmore, in letters dated November 22 and 23, 2004 that the court had not received any habeas petition from him, but that she had confirmed with the Treasurer of MCI-Norfolk that (1) Gilmore was issued a check payable to this court in the amount of $5.00 on May 14, 2004 and (2) that this check was never cashed. In January of 2005 Gilmore filed the pending habeas petition. Thereafter, Respondent moved to dismiss the petition as untimely and petitioner opposed on the ground that he had timely deposited the petition in the prison's mailbox on or about May 14, 2004. Respondent concedes that a petition filed on or about May 14, 2004 is timely.

Petitioner's Affidavit in support of his opposition to the Motion implied, without so stating, that he had mailed his petition on or about May 14, 2005. Petitioner's Affidavit, Docket #13 at ¶¶ 2-3. Petitioner did submit a receipt for a mailing charge, however, this receipt bears a date of April 21, 2005, thus it does not pertain to any mailing on or about May 14, 2004. The Petitioner did not submit any further evidence at that time describing the circumstances of any mailing of his Petition on or about May 14, 2004. The documents received by the court in January 2005 (after the pro se law clerk notified Petitioner that the court had no record of a filing by Petitioner), that is the Petition, Application to Proceed without Prepayment of Fees and Affidavit and the Motion for Appointment of Counsel each bear a typed date of "May  , 2004."

To develop the factual record and provide the pro se Petitioner a full and fair opportunity to present evidence in support of his assertion that he mailed, in a proper and timely fashion, the petition, I issued the following Order:

> Petitioner Roderick Gilmore is hereby ORDERED to file a supplemental Affidavit describing in detail when and how he filed his petition including a description of what he did after MCI Norfolk issued a $5.00 check payable to the U.S. District Court. Petitioner

may attach copies of any relevant documents or receipts that have not already been provided to the Court.

Petitioner filed a supplemental affidavit in response to this Order which states, in relevant part:

> Following the decision of the Supreme Judicial Court, with the assistance of an Inmate with knowledge of the procedures, I promptly prepare a Petition for Writ of habeas Corpus pursuant to 28 U.S.C. § 2254 and mailed to through the Prison Mail System, requesting that it be forwarded to Treasurer Department so that a check in the amount of Five dollars will accommodate the same.

Petitioner's Supplemental Affidavit (Docket #21) at ¶ 2.

Later in the affidavit, Petitioner states that the envelope sent to the Treasurer was "open." Id. at ¶ 7. Clearly, as established by Petitioner's affidavit and MCI-Norfolk's records, a check was issued payable to this court. But the foregoing statement in Petitioner's affidavit does not establish that he actually addressed an envelope to this court, placed his petition in it, affixed the proper (or any) postage to the envelope and deposited it in the prison mailbox with the Treasurer's check. While I do not expect the petitioner, a pro se litigant, to file an affidavit stating these facts with the level of detail or precision that skilled lawyers commonly display, petitioner's affidavit, even after focused directly on the issue by the court, fails to state simply that he mailed the package to the court with sufficient postage on or about May 14, 2004 as opposed to stating that he sent his petition to the Treasurer at the MCI-Norfolk. Whether petitioner can "file" under the prison mailbox rule his petition by sending an open envelope to the treasurer at the jail with the request that the treasurer add the check to the court and, perhaps expressly or impliedly, requesting the treasurer to mail the package on to the court is unnecessary to resolve in this case for the reasons set forth below.

Unfortunately for petitioner, he submits no evidence that he placed postage on his envelope nor does he submit any evidence from which the court could infer the same, e.g. a disbursement for postage from his canteen account.  Furthermore, other evidence suggests that Petitioner did not deposit in the prison mailbox an envelope to this court with the necessary or even any postage on or about May 14, 2004.  The Respondent has submitted Petitioner's Inmate Transaction Report for the period May 1, 2004 to August 4, 2004.  It does not record any disbursements for postage in contrast to the same report submitted by Respondent for the period August 6, 2004 to March 28, 2005 which does list a disbursement for the mailing to this court on January 10, 2005.

To avail himself of the prison mailbox rule, petitioner must establish that he placed the proper postage on his envelope.  Thus, Habeas Corpus Rule 3(d) requires a declaration from the prisoner which "must . . . state that first-class postage has been prepaid."   Although this provision was added to the Rule effective December 1, 2004, the requirement is neither surprising nor new.  See Fed. R. App. P. 4(c)(1) (requiring a declaration from the prisoner which "must . . . state that first-class postage has been prepaid.")

In light of the foregoing, I conclude that Petitioner did not deposit his filing to the court in the prison mailbox with sufficient postage on or about May 14, 2004.  Accordingly the relevant date for the statue of limitations purposes is the date of the January 2005 habeas filing by Petitioner.

Congress has established a one year period for the filing of a habeas petition.  28 U.S.C. § 2244(d).  In Gilmore's case the one year period commenced on August 31, 2000, upon the expiration of the ninety days afforded to him to seek review by the United States Supreme Court

of the decision affirming his conviction and denying his first Motion for a New Trial by the courts of Massachusetts. Gilmore's Second Motion for New Trial tolled the one year clock for the period from the filing of this motion on June 4, 2001 until the Supreme Judicial Court denied Gilmore's petition for further review on March 31, 2004. Thus, nine countable months elapsed prior to the filing of the Second Motion for New Trial and nine more countable months elapsed before Gilmore this Court received his Petition on January 10, 2005. These two periods, taken together exceed the one year period, hence the Petition is untimely. Notably, petitioner does not dispute the foregoing. Rather he contended that he filed his Petition during May 2004. Although a petition at that time would have been timely, as noted above, I rejected this argument.

## CONCLUSION

Accordingly, I recommend that the Court allow the Commonwealth's Motion to Dismiss. Previously, I ordered the Respondent to file its brief on the merits 30 days after the date of this decision. In light of my recommendation, I stay the filing of Respondent's brief pending the District Judge's decision on this recommendation.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge