UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RODERICK GILMORE, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-cv-10127-PBS |
| LUIS SPENCER, | ) | |
| Respondent. | ) | |

PETITIONER'S REQUEST FOR ISSUANCE

OF A CERTIFICATE OF APPEALABILITY

**NOW COMES**, Roderick Gilmore, hereinafter known as the Petitioner in the above-referenced and numbered cause, to file and submit this, Petitioner's Request For Issuance Of A Certificate Of Appealability, and would, in support thereof, show;

I.

On the 27th day of October, 2005, the First Circuit Court of Appeals docketed this cause [05-2548] as a result of the Notice of Appeal which had been filed by the Petitioner in this cause. An Order was rendered by the Court affording the Petitioner

the opportunity to seek relief by requesting the issuance of a certificate of appealability either from the United States District Court or through the First Circuit, should the lower Court deny the Petitioner's request. To remain in compliance, the Petitioner submits this timely request for appellate review by this Honorable Court.

## II.

The impetus of the criminal justice system, is to ensure that those individuals accused of criminal offenses are either convicted or adjudicated innocent and released, through the appropriate utilization of the laws, statutes, procedures and rules of court. Any deviation, either intentionally or by misconduct or abuse of discretion, is essentially an affront to the tenets of democracy as formulated by the Founders of the Constitution of the United States.

It is therefore incumbent upon this Honorable Court to afford the Petitioner in this cause, the opportunity to present for appellate review, the egregious errors, which possess federal constitutional underpinnings. The interest of justice demands that the Petitioner's case be granted reexamination and a determination made as to the Commonwealth's misconduct, the state trial judge's abuse of discretion, and the effect that ineffective, court-appointed trial and appellate counsel posed on the Defendant who possessed no knowledge of the criminal justice process.

Proceeding in the federal court, subsequent to exhausting all state remedies, is difficult enough with retained counsel; but, for a pro se litigant, it is virtually impossible. Thus,

the necessity of the Petitioner to have sought assistance from a "jailhouse lawyer." As this Honorable Court is acutely aware, far too often, the work produced by these inmates is more damaging to the petitioner than it is helpful, as exhibited in this cause. Locating an individual who is college-educated, with an expertise in criminal appellate law, among the ten thousand (10,000) incarcerated inmates in the Massachusetts Department of Corrections, is virtually impossible; particularly, in comparison to the hundreds of bar-certified attorneys employed by the Massachusetts Attorney General. Ergo, the Petitioner's request for leniency in the composition of this brief.

### III.

Pursuant to 28 U.S.C. §2253(c), the Petitioner's notice of appeal and application for a certificate of appealability is required upon the findings of a United States District Court Judge, denying the Petitioner's initial request for a writ of habeas corpus. As demonstrated by the numerous communications between the Petitioner and the staff of this Honorable Court, it's quite apparent that many of the legal documents being submitted to this Court and received by the Petitioner at his institution, are being "lost" or unaccounted for; which have denied the Petitioner his constitutional right to access to the court, and prejudiced his ability to address the specific constitutional errors regarding his state trial.

### IV.

As clearly indicated by the docket sheet of the First Circuit

Court of Appeals, the constitutional errors were never addressed at the District Court, based on the Respondent's Motion To Dismiss. Although the Magistrate's Report and Recommendations, rendered August 1, 2005, rest with the premise that the Petitioner may or may not have filed his brief in a timely manner, the Petitioner attests that his opinion was in error. Thus, the Petitioner's request for this Honorable Court to issue a certificate of appealability is focused primarily on the Magistrate's error in dismissing this cause as time-barred.

V.
POINT OF ERROR

THE MAGISTRATE ERRED IN DETERMINING THAT THE PETITIONER HAD NOT SATISFIED THE CRITERIA NECESSARY TO ADHERE TO THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996.

Federal habeas review of a state court decision is governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), which provides, in relevant part, that a federal court shall not grant a petition for writ of habeas corpus unless the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

William v. Taylor, 529 U.S. 362 (2002) provides that there exists the opportunity to hold that the terms "contrary to" and "unreasonable application of" have independent meanings. A state court decision is "contrary to" clearly established Federal law

"if the state court applies a rule that contradicts the governing law set forth in (Supreme Court) cases," or, "if the state court confronts a set of facts that are materially indistinguishable from a (Supreme Court) decision...and nevertheless arrives at a result different from (Supreme Court) precedent." Id. at 405-406.

The Petitioner is denied his constitutional right to seek federal appellate review when an opinion is made based on innuendoes, suppositions and circumstances from which the Respondent possesses a vested interest in seeing dismissed. The rhetoric and verbiage utilized by the Commonwealth in this cause, should be sufficient to warn the Magistrate Judge that the State is attempting to circumvent the judicial process by attempting to pursuade the Court to render a decision without the necessary information to properly discern the facts of the case.

Although the Petitioner's former "legal assistant" was unable to properly address the Court's question as to his efforts to file a timely Writ of Habeas Corpus, it's imperative for this Court to be made aware of the procedures in place at this institution regarding outgoing mail requiring release of inmate funds. For the Petitioner to file a brief, which requires a filing fee, the addressed, postage-paid envelope is sent to the institutional treasurer, unsealed. The entire package is no longer in the hands of the inmate; instead, he must rely on the employees of the institution to place the legal document into the United States mail.

For Assistant Attorney General Randall E. Ravitz to argue that the Petitioner's cause should be dismissed, is an affront

to the basic constitutional rights afforded the accused, following his exhaustion of state remedies. As exhibited by the Commonwealth's submission to this Honorable Court, the Petitioner has exhausted his state remedies and seeks appellate review by this Honorable Court. To deny him that right, with the overwhelming evidence which validates the Petitioner's claim of having filed a timely petition with this Court, would effectively demonstrate that an indigent, pro se litigant no longer possesses standing in the federal courts of the United States.

    As this Honorable Court is acutely aware, there exists hundreds of prisoner litigations which assert the abuses by penal institution employees, regarding the collection and distribution of mail. The Department of Corrections of the Commonwealth of Massachusetts is inclusive. Each day that inmate mail is delivered, there are complaints of mail "missing" or "delayed." The employees at the Massachusetts Department of Corrections are subjected to limited supervision and seldom held accountable for their inappropriate actions. Thus, when an inmate places his legal or regular mail into the hands of D.O.C. employees, he loses total control of the parcel.

    Fortunately, for the Petitioner, by seeking a check for $5.00 to cover the costs for filing the brief, it must appear apparent that the Petitioner had placed the postage-paid document into the hands of the Respondent; for the check was issued. Had the Petitioner not placed sufficient postage on the envelope to the Court, the check would not have been issued and the envelope would have been returned to the Petitioner seeking additional postage. (See Magistrate's Report, page 2, line 4).

For the United States Magistrate to affirm that the treasurer for the Institution did-in-fact issue a check, payable to the United States District Court, on the 14th day of May, 2004, one must assume that common sense would dictate that the document had been submitted as attested to by the Petitioner. Without question, the Petitioner had submitted his initial Writ of Habeas Corpus in a timely manner; therefore, the dismissal by the Magistrate of this case for reason of being time-barred, is in direct confrontation with the expressed meaning of the Antiterrorism and Effective Death Penalty Act of 1996.

It is therefore incumbent upon this Honorable Court to either afford the Petitioner a certificate of appealability so that the issue may be addressed with the First Circuit Court of Appeals; or, in the alternative, provide the Petitioner the opportunity to regain standing with this Court to address the constitutional issues which have been arbitrarily dismissed by the state trial and appellate courts. The interest of justice demands that pro se litigants be afforded federal appellate review, particularly, when denied effective representation, judicial impartiality and an unbias forum in which to have his cause heard.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** the Petitioner prays this Honorable Court will grant the Petitioner's Request For Issuance Of A Certificate Of Appealability; or, in the alternative, reinstatement of the Petitioner's cause.

That the Petitioner be afforded the constitutionally-guaranteed

right to seek relief from the United States District Court in a timely manner.

That the Petitioner be granted any and all relief deemed necessary and appropriate, in the interest of justice, so that the federal constitutional issues may be afforded an impartial forum in which to be heard.

                                      Respectfully Submitted,

                                      _/s/ Roderick Gilmore_
                                      Roderick Gilmore
                                      Petitioner, Pro Se

I, Roderick Gilmore, do hereby swear and affirm the foregoing to be true and correct, to the best of my knowledge, under penalty of perjury, this 27th day of November, 2005.

                                      _/s/ Roderick Gilmore_
                                      Roderick Gilmore
                                      Petitioner, Pro Se

                            CERTIFICATE OF SERVICE

I do hereby certify that this document is being sent to the attention of the Clerk of the Court, United States District Court, One Courthouse Way, Boston, Massachusetts 02210, by certified mail; and to the Massachusetts Attorney General, One Ashburton Place, Boston, Massachusetts 02108, by first class,

postage-paid mail on the 28th day of November, 2005.

*Roderick Gilmore* (signature)
Roderick Gilmore
MCI-Norfolk
P.O. Box 43
Norfolk, Massachusetts 02056-0043